The S. W. R. R. Co. *et al. vs.* The S. and A. Telegraph Co.

THE SOUTHWESTERN RAILROAD COMPANY *et al.*, plaintiffs in error, *vs.* THE SOUTHERN AND ATLANTIC TELEGRAPH COMPANY, defendant in error.

46 43
0 112 943

1. It is competent for the General Assembly to grant to a foreign corporation the privilege to construct a telegraph line upon the public domain, provided it does not authorize said corporation to take private property for that purpose without providing that just compensation shall be paid to the owners thereof. (R.)

2. The Act of the General Assembly of the State of Georgia, approved August 26th, 1872, entitled "An Act to empower and authorize telegraph companies in this State to construct their lines upon the right of way of the several railroad companies in this State," is unconstitutional and void, for the reason that it fails to provide any compulsory process for the enforcement of the payment of just compensation for private property taken under its provisions. (R.)

3. The Western Union Telegraph Company was a proper party complainant to the bill, it being interested in the result of the litigation, under its contract with the Southwestern Railroad Company for the exclusive use of the right of way of said railroad to operate and main-tain its own line of telegraph. (R.)

Injunction. Constitutional law. Eminent domain. Compensation. Before Judge COLE. Bibb county. At Chambers, September 13th, 1872.

The Southwestern Railroad Company and the Western Union Telegraph Company filed their bill against the Southern and Atlantic Telegraph Company, containing substantially the following allegations: That on November 16th, 1865, the Southwestern Railroad Company entered into a written contract with the American Telegraph Company, (which has since been merged in the Western Union Telegraph* Company,) by which said railroad company granted unto said telegraph company the exclusive right to put up a telegraph line or lines on the land, and along the road, of said railroad company, said company agreeing to transport along its railroad, free of charge, the materials and men of the telegraph company engaged in the business of said company, so long as said telegraph company should observe its respective

obligations; and said telegraph company agreeing to put up and maintain a first-class telegraph line or lines along the route of the said railroad within six months after the date of the contract, and to supply one wire for the special use of the railroad company; to put up, without charge, the necessary telegraph apparatus for certain stations of said railroad company, and to transmit free of charge to all stations throughout the United States, where said telegraph company shall have offices, such messages as are usually sent by telegraph by the officers and agents of said railroad company; that the aforesaid contract was made for the mutual benefit of the railroad company and the telegraph company; that the telegraph company, relying upon the provisions of said contract, has, at great cost and expense, constructed said telegraph line and carried out all of its obligations; that the defendant, claiming to have been incorporated under the laws of the State of New York sometime in the year 1869, has, without the consent of the complainant, the Souhwestern Railroad Company, against its protest, in violation of the aforesaid contract, projected a line along said complainant's road, and have already put in their places poles upon which to place the wires, the distance of twenty-five miles or more from Macon, in the direction of Columbus, and is now actively engaged in the completion and construction of said line; that if defendant is permitted to put into operation said intended, projected telegraph line, it will effectually defeat the grant of the exclusive right by the Southwestern Railroad Company to the telegraph company, and defeat the great benefits accruing to the railroad company under that contract; that defendant has no authority of law to infringe on the private property of the railroad company; that all of corporators of defendant reside out of the State of Georgia, and have no property in said State beyond its line of wire, battery and office fixtures, of small and insignificant value, wholly inadequate under any circumstances to protect, indemnify and compensate complainants, for the intended invasion of their rights and property; that said defendant has

The S. W. R. R. Co. *et al. vs.* The S. and A. Telegraph Co.

an office in the city of Macon, county of Bibb, occupied by a superintendent of the projected and intended telegraph line —one W. S. Morris. Prayer: that the writ of injunction may issue, restraining defendant from any further work on said projected telegraph line until the further order of the Chancellor; that the writ of subpœna may issue.

Complainants amended their bill substantially as follows: That the right of way of said railroad company covers a strip of land on each side of its track extending seventy-five feet from the centre, the whole length of said railroad belonging to said railroad company, absolutely and in fee, acquired by said company, by purchase, donation and otherwise; that said company, at great expense and labor, cleared said strip of land of all its trees and other obstructions, and annually, at great cost and expense, continued to keep it clear of trees, etc.; that the appropriation of said land by defendant for a telegraph line, without compensation to the railroad company, not for the public use, but for the private use of said defendant, is illegal and unauthorized.

The answer of defendant, among other defenses unnecessary to an understanding of the decision of the Court, set up an Act of the General Assembly of the State of Georgia, approved August 26th, 1872, entitled "An Act to empower and authorize telegraph companies in this State to construct their lines upon the right of way of the several railroad companies in this State."

The injunction was refused by the Chancellor, and complainants excepted and assign said ruling as error.

LYON & IRVIN, for plaintiffs in error.

1. The acts of the Southern and Atlantic Telegraph Company are wholly illegal, and without authority of law, being a corporation existing and acting only under the laws of New York; such laws have no force or authority in the State of Georgia. Its incorporation gave it no right to do business in

this State: Story *vs.* Conflict of Laws, secs. 22–29, 32–35, 73, 102; Blanchard *vs.* Russell, 13 Mass. R., 4; Saul *vs.* his Creditors, 17 Martin's R., 595–6; The Bank of Augusta *vs.* Earle, 13 Peters, 589. As to extent of recognition by this State: See Code, sec. 1679. 2. The right of eminent domain is inherent to the several States, and not to the United States: Pollard *vs.* Hagan, 3 How. U. S., 212. And under this right the State may take the private property of individuals for public use, upon just compensation being made: Calder *vs.* Bull, 3 Dallas, 400; Bonaparte *vs.* Camden and Amboy Railroad, Baldwin's Cir. R., 205–239; Chesapeake and Ohio Canal Co. *vs.* Key, 3 Cr. C. C., 599; Baltimore and Ohio R. R. *vs.* Van Ness, 4 Cr C. C., 595; Barron *vs.* Baltimore, 7 Peters, 243; Young *vs.* McKenzie, *et al.*, 3 Kelly, 31; Mims *vs.* Macon and Western R. R. Co., 3 Kelly, 333; Parham *vs.* The Justices, etc., 9 Ga., 341. 3. A franchise of a corporation may be taken in the same way, but compensation must be made for the franchise as well as all other property taken: White River Bridge Co. *vs.* Vermont Central R. R. Co., 21 Vt. R., 590; West River Bridge Co. *vs.* Dix, 6 Howard, 507; Mills *vs.* St Clair county, 8 Howard, 560; Richmond, Frederick and Potomac R. R. Co. *vs.* Louisa R. R., 13 Howard, 71. 4. An Act of the Legislature appropriating private property to a public use, without adequate compensation, is unconstitutional and void. Parham *vs.* The Justices, etc., 9 Ga., 341. 5. Until this compensation is made, or tendered and refused, as provided by the charter, the property cannot be appropriated. Young & Calhoun *vs.* Harrison, 6 Ga., 157, *et passim.* 6. The right of way or land of the Southwestern Railroad is held in fee, is a part of its corporate property and franchise, and necessary for its use, existence, etc. See Charter, Pamphlet Acts 1845, page 132, section 3. 7. A highway or street, dedicated to public use as such, cannot be appropriated to other use without compensation. Thatcher *vs.* Auburn and Syracuse Railroad, 25 Wend., 462; Presbyterian Society in Waterloo *vs.* Auburn and Rochester Rail-

road, 3 Hill, 507; Williams *vs.* The N. Y. Central R. R., 2 Smith, 1 N. Y., 97 ; Wager *vs.* Troy & Union R. R., 25 N. Y. Rep., 526. 8. The injury complained of here is not a mere temporary trespass, but a continued one ; a lawless appropriation of the property ; a destruction of the inheritance, for which the law affords no adequate relief or compensation. In all such cases a Court of equity has jurisdiction, and injunction is the only appropriate, adequate and complete remedy, and is universally entertained and allowed : 2 Story's Equity Jur., secs. 925, 927, *n.* 4 ; Bonaparte *vs.* Camden & Amboy R. R. Co., 1 Baldwin's Cir. Rep., 226, 231 ; Mohawk & Hudson River R. R. *vs.* Archer, 6 Paige, 83 ; Belknap *vs.* Belknap, 2 John's Ch., 463 ; Livingston *vs.* Livingston, 6 John's Ch., 497 ; Jerome *vs.* Ross, 7 John's Ch., 315 ; The Binghampton Bridge, 3 Wall's U. S., Rep., 51, *et passim.* 9. When the appropriation is authorized by the Legislature, equity will enjoin until compensation is made : 1 Baldwin's C. Rep., 226. 10. Whether the Western Union Telegraph Company is a proper party or not, the right of the Southwestern Railroad to the injunction is perfect. 11. Congress has no authority or power to interfere in the matter, for the right is with the State and not the United States—not even as a regulation of commerce—for that power has never been held to include *the means* by which commerce is carried on within a State : The Passaic Bridge, 3 Walls, 782. 12. Laws with respect to roads, ferries, etc., are not within the power of Congress to regulate commerce—Corfield *vs.* Coryell, 4 Wash. C. C., 371—but are reserved to the States : Conway *vs.* Taylor's Ex'rs, 1 Bl., 604 ; United States *vs.* The James Morrison, Newb., 241 ; The United States *vs.* The William Pope, Newb., 256. 13. The answer does not in fact exhibit any property whatever that would be available for compensation.

A. O. BACON, for defendant.

1. There is a misjoinder of parties in the bill; the Western Union Telegraph Company is not a proper party to the bill, and the Judge below was right in so deciding.

(*a*) This is a bill filed to enjoin an alleged trespass. The right to bring such a bill only belongs to the person who has the title to, or right of possession and enjoyment, in the particular property upon which the trespass is being or about to be committed. Morris *vs.* McCamey, 9th Ga., 160; Colquitt *et al. vs.* Howard, 11th Ga., 556; Jones *vs.* The Water Lot Co., 18th Ga., 539.

(*b*) The Western Union has shown no right to the benefits of the contract with the American Telegraph Company. The contract exhibited fails to show the required vote of the board of directors, and the answer expressly charges that the stockholders of the American Telegraph Company have refused to consent to the merger of their company in the Western Union. Such merger, in the absence of authority in their charters, can only be made by consent of all the stockholders: 18th How., 341, 485; 2d Russ. and My., 480; 4th Railway Cases, 492; 7th Hare Chan. R., 114; 4th My. and Craig, 134; 1st Edwards, 84; 22d N. Y., 274; 13th Eng. Law and Eq., 513; 4th Russ., 662; 1st Black, 449.

For these reasons, we say that there is a misjoinder, and that the Western Union Telegraph Company is not a proper party complainant to the bill.

2. It is avowed in the bill that the prime object of the contract was to give the American Telegraph Company the exclusive right to erect a telegraph line upon the right of way of the Southwestern Railroad Company, and as it is only practicable to construct, in this country, telegraph lines upon the right of way of railroads, to give the American Telegraph Company the exclusive right between cities connected by said railroad. So far as this contract was intended to secure a monopoly to the American Telegraph Company, it was

The S. W. R. R. Co. *et al. vs.* The S. and A. Telegraph Co.

against public policy, illegal and void : See the opinion of Judge McCay in the case of the C. R. R. and B. Co. *vs.* Collins *et al.*, 40th Ga., p. 628.

3. But for the purposes of the argument, granting the foregoing positions to be untenable, the bill and answer do not present such a case as will authorize an injunction against the alleged trespass.

(*a*) A Court of equity will not interfere to restrain a trespass by injunction, unless it be destructive to the very nature and substance of the estate, or irremedial mischief would ensue unless relief was granted, or where the difficulty of proof or other circumstances demand this remedy : Anthony *vs.* Brooks, 5th Ga., 576; Hatcher *vs.* Hampton, 7th Ga., 49; Bethune *vs.* Wilkins *et al.*, 8th Ga., 118 ; Catching *vs.* Terrell, 10th Ga., 576; The Justices, etc., *vs.* G. & W. P. R. R. Co., 11th Ga., 246; Peterson *vs.* Orr, 12th Ga., 464; 7th Johns. Ch., 314.

(*b*) The Act of August 26th, 1872, points out the mode in which the damages may be assessed.

4. The Act of August 26th, 1872, (pamphlet, page 54,) authorizes the construction of this telegraph line by defendants upon the right of way of the Southwestern Railroad Company.

(*a*) The Act authorizes any duly incorporated telegraph company, "*having the right to do business in this State,*" to construct their lines, etc. This is a foreign corporation, and it is not necessary to decide whether, without this Act, it could attach itself to the soil of Georgia. The only question is, being a foreign corporation, has it *the right to do business in this State?* Can it contract and be contracted with, sue and be sued in Georgia ? The principle decided in the great case of Earle *vs.* The Bank of Augusta, 13th Peters, is, that while a corporation created in one State cannot migrate or be transferred to another State, it has, by the comity of States, certain legal existence and can do certain business in other States.

The S. W. R. R. Co. *et al. vs.* The S. and A. Telegraph Co.

(*b*) This Act is constitutional. It is the exercise by the State of the right of *eminent domain,* and provision is made for just compensation to the railroad company for damages, *if they deemed they had sustained any.* The State has not parted with its right of eminent domain, whether the railroad company has the fee or an easement in the right of way : Mims *vs.* Macon & W. R. R. Co., 3d Kelly, 338. See, also, Scott & Jarnigan, Law of Telegraphs, section 27, and cases cited.

(*c*) This Act does not impair the obligation of contracts. The Southwestern Railroad Company could not contract that the State should not exercise the right of eminent domain over its right of way.

(*d*) Every presumption must be made in favor of the constitutionality of an Act of the Legislature. " The solemn Act of the government will not be set aside *in a doubtful case:*" Carey *vs.* Giles, 9 Ga., 253 ; Winter *vs.* Jones, 10 Ga., 190 ; Boston *vs.* Gunby, 16 Ga., 102 ; Armstrong *vs.* Jones, 34 Ga., 309 ; Taylor *vs.* Flint, 35 Ga., 124; Cooley's Constitutional Limitations, 159 ; Hepburn *vs.* Griswold, 3 Wallace, 639 ; Miller *vs.* United States, 11 Wallace, 309. More especially will a Court hesitate to declare an Act unconstitutional upon a motion for a preliminary injunction.

4. One who enters on private property by virtue of Legislative authority is not a trespasser, even if he enters before the property has been paid for. The most that can be said is, that the title does not vest until compensation has been made: Rogers *vs.* Bradshaw, 20 Johns., 103 ; Bloodgood *vs.* M. and H. R. R. Co., 14 Wend., 56 ; R. R. Co. *vs.* Davis, 2 Dev. and Bat., 464 ; Tuckahoe Canal Co. *vs.* R. R. Co., 11 Leigh, 80 ; 7 Barbour, 416 ; 7 Johns Chan., 343–4.

5. If the remedy by injunction existed, the Southwestern Railroad Company has lost its right to it by allowing us to progress with the work and expend $10,000 before applying for an injunction. Most of the amount was expended *after it was known that the poles were being erected upon the right of*

*way, and of this amount the railroad company received from us about* $3,000. We were prosecuting the work under the express letter of a statute of the State, every step was fully known and seen daily by the railroad officials, and yet the injunction was not applied for *until the work had progressed nearly one hundred miles.* It is a familiar and universal principle of equity that under such circumstances a Court of equity will not interfere by injunction, but leave the parties to their action at law: Water Lot Company *vs.* Books & Winter, 5 Ga., 315.

6. As generally applicable to the case at bar the Court is also referred to the case of Attorney General *ex rel.* Baron Rothchild *vs.* United Kingdom Electric Telegraph Company, 30 Beavan, 287. It will be found in the note to section 81 of Scott & Jarnigan, Law of Telegraphs.

WARNER, Chief Justice.

This was a bill filed by the Southwestern Railroad Company, and the Western Union Telegraph Company, against the Southern and Atlantic Telegraph Company, praying for an injunction to restrain the latter company from erecting and constructing a line of telegraph on the right of way heretofore granted by the General Assembly to the Southwestern Railroad Company. On hearing the application for the injunction, the Judge refused to grant it, and the complainants excepted. The defendant is a foreign corporation, created and chartered by the laws of the State of New York, and claims the right to construct, erect and maintain its line of telegraph upon the right of way of the Southwestern Railroad Company, under an Act of the General Assembly of this State, passed on the 26th August, 1872. There can be no doubt, we think, that it was competent for the General Assembly, in the exercise of its soverign authority, to grant to this foreign corporation the privilege and right to erect, construct and maintain its line of telegraph upon the public domain of this State, if in its judg-

ment, the public interest required it, with this limitation, however, that it could not authorize this foreign corporation, or any other corporation, to take private property for that purpose, without providing that just compensation should be made to the owners of the private property so taken and appropriated, in the erection and construtcion of its telegraph line; and the main controlling question in this case is, whether such provision has been made by the Act under which the defendant claims. The third section of the Act declares, " that in the event that any railroad company should deem that they had sustained damage by reason of the location of a telegraph line over their right of way, the damage, if any, shall be assessed and paid as follows : The railroad company shall select one commissioner, and the person or telegraph company constructing such telegraph line shall select another, and these two shall select a third, and the three persons thus selected shall assess the damage, if any, and the amount so awarded by them shall be paid by the person or telegraph company constructing said line, to the railroad company."

It is a fundamental principle of the law that private property shall not be taken for the use of the public without just compensation, and the term just compensation, in the sense of the law, means that it shall be paid for at a fair valuation. Protection to person and property is the paramount duty of government, and shall be impartial and complete : Constitution of 1868.

The right of way of the Southwestern Railroad Company, including three hundred feet on each side of the same, is vested in that company. The fourth section of its charter vests the fee simple of the land constituting the right of way in the company, and it is the private property of that corporation ; and the Southern and Atlantic Telegraph Company have not the legal right permanently to appropriate any part of its right of way —its private property—for the erection and construction of its telegraph line, without first paying the company therefor. Does the Act of the General Assembly, under which the defendant

claims the right to appropriate and use the complainant's right of way, provide for such payment as is contemplated by the fundamental law of this State ? The Act simply provides for an arbitration to assess and award the damages sustained by reason of the location of the telegraph line of the defendant, (a foreign corporation,) on the right of way of the complainant's road. There is no provision made in the Act for the enforcement of the award against the property of the defendant, either by a judgment thereon or otherwise. The complainants could not enforce that award for damages, except by a common law suit instituted for that purpose. There is no remedy provided by the Act for the enforcement of the award, even if the parties should voluntarily consent to submit the question of damages to arbitration; and if they should not voluntarily consent or fail to do so, there is no provision made to compel them. Besides, it is a fundamental principle of the law, as old as *Magna Charta,* that no person, either natural or artificial, shall be deprived of his property but by the judgment of his peers and according to the law of the land. The Constitution of 1868 declares "that the right of trial by jury, except where it is otherwise provided in this Constitution, shall remain *inviolate.*"

There is no provision in the Act for an appeal from the award of the arbitrators to any Court so as to have the question of damages tried by a jury, and a judgment entered up on their verdict binding the defendant's property, and the result would be, that the complainant would be deprived of his private property for the benefit of the public, (assuming that its appropriation by the defendant is for the benefit of the public interest,) with no other security for its payment than an award of the three arbitrators against a foreign corporation, with no remedy provided by the Act for its enforcement against the property of the defendant. This is not such a just compensation for the taking of private property for public use as the fundamental law of the State contemplates. In the case of *Doe ex dem. of Carr vs. The*

*Georgia Railroad Company*, (1*st Kelly*, 532,) the question whether a *judgment* against the company for the damages assessed, to be enforced by the ordinary process of the Court, or adequate security being given by the company to the landholder to pay the damages, was such a just compensation for the public use of private property as contemplated by the Constitution, was not decided in that case, but left as an open question. But in the Act of 1872, under which the defendant claims the right to take the complainant's private property for public use, there is no provision made for even a *judgment* on the award, or any other means provided for its enforcement against the property of the defendant; no provision made for a trial by jury on an appeal from the award, so as to entitle the complainant to a judgment on the verdict of a jury for the damages which would bind the property of the defendant. Under the provisions of the Act of 1872, there is no security or protection given to the complainant for taking its private property for the use of the public, unless the defendant chooses *voluntarily* to pay for it. As was said in the case of *Parham vs. The Justices of Decatur county*, (9 *Georgia Reports*, 355,) "The progression of this age requires the frequent exercise of the right of eminent domain, the necessity of right and liberty require that the citizen be paid when he is injured by it; and this Court is here to see to it *that he is paid.*" In our judgment the Act of 1872, under which the defendant claims the right to enter upon the complainant's right of way, its private property, for the purpose of erecting, constructing and maintaining its line of telegraph for the benefit of the public, is unconstitutional and void for the reasons heretofore stated, and that the injunction prayed for was the appropriate remedy in view of the facts of the case, and should have been granted. The only *apparent* interest which the Western Union Telegraph Company has in the question, arises from the fact of its contract with the Southwestern Railroad Company for the *exclusive* use of its right of way, to operate and maintain its

own line of telegraph, and being interested under that contract, it was a proper party to the bill to the extent of that interest only.

Let the judgment of the Court below be reversed.