CONTRA COSTA WATER CO. v. VAN RENSSELAER.

(Circuit Court, N. D. California.  July 10, 1907.)

No. 13,379.

1. EMINENT DOMAIN—NATURE OF RIGHT—PROPERTY RIGHT—TRANSFER.

The right of a corporation to maintain a proceeding to condemn land for a public use is not a right of property, in the sense that it may be made the subject of private proprietorship, so as to be capable of convey·ance by deed from one corporation to another.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 35.]

2. SAME—PROCEEDINGS—CHANGE OF PARTIES.

Where a corporation entitled to exercise the right of eminent domain, after instituting proceedings for that purpose, transferred all its fran·chises, rights, and property to another corporation organized for the same purpose and entitled to exercise the same rights, the transferee thereby became invested by operation of law with the right to continue such proceeding as the representative of the state, and was therefor enti·tled to be substituted as the petitioner in the pending proceeding under Code Civ. Proc. Cal. § 385, providing that, in case of a transfer of interest, the court may allow the action or proceeding to be continued by or against the successor, or may allow the transferee to be substituted as a party to the suit.

E. W. McGraw, for the motion.
Thos. S. Molloy, opposed.

VAN FLEET, District Judge.  This is a motion to substitute the People's Water Company, a corporation, as plaintiff in the action in the place and stead of the present plaintiff, upon the ground that the former has succeeded to the interests of plaintiff in all matters in litigation in the action.

The plaintiff, at the commencement of the action, was a public service corporation organized and existing under the laws of this state, and engaged in furnishing water for domestic and other uses to the inhabitants of certain cities and towns in Alameda county, in this state; and the action was commenced by it to condemn an undivided interest in certain lands in Alameda county described in the complaint, owned by the defendant in common with the plaintiff, alleged to be essential to the needs of the latter in carrying on said public use.

The motion is based upon a showing that the People's Water Company, sought to be substituted as aforesaid, is a corporation formed and organized under the laws of this state for like purposes, among others, as those of the present plaintiff; that, since the commencement of the action, the first-named corporation has acquired by purchase from the plaintiff, and has succeeded to the ownership of, all its properties, including all the waters, water rights, water privileges, and appropriations, vested or contingent, with reservoirs, pipes, pipe lines, flumes, aqueducts, mains, service pipes, rights of way, easements, privileges, and franchises, heretofore owned and held by plaintiff, or in any way connected with the business of furnishing water as aforesaid, heretofore carried on by it, together with the interest of the plaintiff in the real property described in the complaint; and that said

People's Water Company, as such successor, is now engaged in the said public service heretofore performed by the plaintiff as aforesaid; and that plaintiff has retired from and entirely ceased to carry on said business.

The motion to substitute is opposed by the defendant upon the ground that the People's Water Company, by the transfer to it, as set forth in the affidavit, acquired no right which would entitle it to be substituted herein or proceed in the prosecution of the action; the point of the objection being, not that the alleged transfer was in any wise insufficient to invest that corporation with title to whatever property, property rights, or franchises the plaintiff may have had to convey, but that the right to bring or maintain an action such as this was not property owned or possessed by plaintiff, or a right of property at all in the sense that it was the subject of conveyance from the one corporation to the other, but was a mere incident to the existence of plaintiff as a public or quasi public corporation, which died when the plaintiff corporation ceased to exist and act as such. And hence it is very strenuously argued that, if the People's Water Company wishes to proceed in its own behalf to condemn the property sought to be taken, it can do so only by commencing an action de novo in its own name and right.

There is just enough truth in defendant's position to make it plausible upon a first statement, but the objection will not bear examination. It is undoubtedly quite true that the right to maintain an action of this character is not a right of property in the sense that it is the subject of private proprietorship, and so capable of conveyance by deed from one party to another. The power of eminent domain, or the right to take private property for a public use, which is the controlling principle underlying the action, does not partake of the nature of an estate or interest in property, but is essentially a governmental function existing in the sovereign, "as a necessary, constant, and inextinguishable attribute." Lewis, Em. Dom. (2d Ed.) 9; Mahoney v. Spring Valley Water Company, 52 Cal. 159; Cal. Cent. Ry. Co. v. Hooper, 76 Cal. 404, 18 Pac. 599.

Defendant is therefore right in his contention that the power is one which is inalienable in the state and cannot pass to private ownership, but this concession does not meet his needs. While the state may not abdicate its sovereign functions, or surrender them to private hands, it may, and generally must, provide for their exercise through the instrumentality of agencies created by it and under its control; and such authorization is in no sense a transfer of its right of sovereignty, since the power is still, in contemplation of law, exercised by the state, though at the instance and through the intervention of the agent. California Central Ry. Co. v. Hooper, supra; Mahoney v. Spring Valley Winter Co., supra; 4 Thomp. Com. on Corp. § 5587 et seq. Provision for such agency has been made by the Legislature in section 1001 of the Civil Code, which provides:

"Any person may, without further legislative action acquire private property for any use specified in section 1238 of the Code of Civil Procedure either by consent of the owner or by proceedings had under the provisions of title 7, part 3, of the Code of Civil Procedure; and any person seeking to ac-

quire property for any of the uses mentioned in such title is 'an agent of the state,' or a 'person in charge of such use,' within the meaning of those terms, as used in such title. * * * "

The title of the Code of Civil Procedure referred to in the above section of the Civil Code provides the purposes for and the manner in which the power in question may be invoked, and includes the purpose for which this section is sought to be maintained. And, having the right to provide for the exercise of the power through its chosen agents, the state may provide for a change or transfer of the agency in any case, the instrumentality through which the power is invoked being merely incidental to the main purpose to be subserved, that of acquiring property for a public use. Thus, in California Central Ry. Co. v. Hooper, supra, it is said:

"While a corporation which brings such an action is the proper party to bring it, because the statute makes it the proper party, its interest in the action is but incidental and subordinate to the main purpose (which alone justifies the proceeding under the Constitution); the main purpose being to secure private property, upon just compensation, for a public benefit. In initiating the proceedings, the corporation acts as agent of the state; the Legislature having provided the mode for the employment of the power of eminent domain. Houghton v. Austin, 47 Cal. 655; Mahoney v. Spring Valley, 52 Cal. 162. The Legislature, which has power to name the agent, has power to provide for the transmission of the agency during the pendency of an action by a change of the plaintiff, at least where, as here, the substituted plaintiff has acquired all the rights, powers, and franchises of the original plaintiff, continues the prosecution of the same action upon the same cause of action, for the condemnation of the same property, for the same public use."

It is therefore immaterial that the conveyance from the plaintiff to the People's Water Company did not and could not, for the reasons stated, include the right of agency to maintain the action; since the grantee being a corporation authorized to represent the public use, and having acquired all other rights of the plaintiff in the premises, the right to represent the state devolved upon it by operation of law, as a necessary incident, and clothed it with the right to proceed with the prosecution of the action. This being so, it is entitled, upon the showing made, under section 385 of the Code of Civil Procedure, to be substituted as plaintiff in the action.

It is contended by the defendant that the principles announced in Cal. Central Ry. Co. v. Hooper were intended only to apply to an instance such as there presented, where the substituted plaintiff, a railroad company, was a corporation deriving its being from a consolidation under the statute with the original plaintiff in the action; and cannot have application to a case like this, where the party proposed to be substituted is an entirely distinct and separate creature. But there is no reason in any such limitation of the doctrine; nor is there anything in the language of the court calculated to give color to that view, other than the incidental reference to the fact that the corporation there substituted as plaintiff was created in the manner indicated.

Nor is there anything in Mahoney v. Spring Valley, supra, at variance with the views here expressed. That was an attempt by the corporation plaintiff to assign to individuals its right to maintain and carry on the condemnation proceeding; and it was held that not only was the attempted transfer ultra vires, but that under the statute as it then ex-

isted no one but a corporation was authorized to prosecute such an action, and for that reason the effort to confer the right on individuals was abortive.

For these reasons, I am satisfied that the motion should be granted, and an order will be entered to that end.