## In Equity.

### CANADIAN PACIFIC RAILWAY COMPANY

*vs.*

### MOOSEHEAD TELEPHONE COMPANY.

### Piscataquis.    Opinion January 31, 1910.

*Telegraphs and Telephones. Erection of Poles on Railroad Right of Way.
Eminent Domain. Compensation. Injunction. Constitution of Maine,
Article 1, section 21. Statute 1885, chapter 378; 1895, chapter 103.
Revised Statutes, chapter 51, section 31; chapter 55,
sections 11, 24.*

1.  The legislature has the power to authorize a telephone corporation to construct its lines upon the right of way of a railroad corporation.

2.  The right of a telephone line to construct its lines upon the right of way of a telephone company is not to be presumed from a grant of a general power of eminent domain. Such a right exists only when granted expressly or by necessary implication.

3.  When a telephone company is authorized by statute, as by Revised Statutes, chapter 55, section 24, to construct and maintain its lines "upon or along a railroad," it is necessarily implied that it may "take" the right of way so far as is reasonably necessary for that purpose.

4.  The location of a telephone line upon a railroad right of way is a taking of it, and imposes a burden upon it for which the owner of the fee and the owner of the easement of the right of way are entitled to compensation. And the legislature cannot constitutionally authorize such a location unless it makes provision for that just compensation which the constitution secures when private property is taken for public uses.

5.  Revised Statutes, chapter 55, section 24, provides that a telephone company "may construct a line upon or along any railroad by the written permit of the person or corporation operating such railroad, but in case such company cannot agree with the parties operating such railroad, as to constructing lines along the same, or as to the manner in which lines may be constructed upon, along or across the same, either party may apply to the railroad commissioners, who after notice to those interested, shall hear and determine the matter and make their award in relation thereto, which shall be binding upon the parties," but it makes no provision for compensation to the owner of the fee or of the railroad right of way. Act-

ing under this statute, the railroad commissioners, upon the defendant's petition, granted it the right to construct its lines upon the plaintiff's right of way. The defendant's lines were constructed accordingly. The defendant had instituted no condemnation proceedings against the railroad land under Revised Statutes, chapter 55, section 11, which provides that a telephone company " may purchase, or take and hold as for public purposes, land necessary for the construction and operation of its lines," and that " land may be so taken, and damages therefor may be estimated, secured determined and paid for as in case of railroads." Upon these facts it is held that the defendant is unlawfully maintaining its telephone line upon the plaintiff's right of way, and that the plaintiff is entitled to an injunction.

In equity. On report. Bill sustained. Permanent injunction to issue.

Bill in equity brought by the plaintiff to enjoin the defendant telephone company from maintaining its poles and wires upon the plaintiff's right of way. The defendant answered and the cause was then heard on bill, answer and evidence and at the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*E. C. Ryder*, for plaintiff.

*Hudson & Hudson*, for defendant.

SITTING : WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, JJ,

SAVAGE, J. By this bill in equity the plaintiff seeks to enjoin the defendant telephone company from maintaining its line of poles and wires upon the plaintiff's right of way. The defendant contends that it is so maintaining them under statute authority. The case comes up on report.

The defendant corporation was organized in 1900 under the general law for the organization of telephone companies, Stat. 1895, c. 103, but it does not appear to have taken any steps affecting the plaintiff's right of way until 1904. Its right to do so, therefore, must be determined by the statutes in force in 1904. Chapter 378 of the Public Laws of 1885, and chapter 103 of the Public Laws of 1905, which are cited by the defendant as the source of its authority, except so far as incorporated in the revision of 1903,

were expressly repealed by the general repealing act in the present Revised Statutes, page 1015.   The defendant's right, if any, must be found in chapter 55 of the Revised Statutes.   Section 24 of that chapter provides that "such (telephone) company  .   .   .   .   may construct a line upon or along any railroad by the written permit of the person or corporation operating such railroad, but in case such company cannot agree with the parties operating such railroad, as to constructing lines along the same, or as to the manner in which lines may be constructed upon, along or across the same, either party may apply to the railroad commissioners, who, after notice to those interested, shall hear and determine the matter and make their award in relation thereto, which shall be binding upon the parties."

In 1904 the defendant alleging that it could not agree with the plaintiff railway company as to the construction, maintenance and operation of its line along the plaintiff's right of way, and that the plaintiff had unreasonably refused its consent, petitioned the railroad commissioners, as provided in section 24, which we have quoted, to determine the manner in which its line should be constructed, maintained and operated along the plaintiff's right of way. Upon this petition, after hearing, the railroad commissioners, in terms, granted the defendant the right to construct, maintain and operate its telephone line upon the plaintiff's right of way between Greenville Junction and Holeb Station, and prescribed the manner in which the line should be constructed.   Thereafter the defendant constructed and has since maintained a telephone line of poles and wires upon the plaintiff's right of way, in accordance with the decree of the railroad commissioners.

The plaintiff contends (1) that the right to construct and maintain a telephone line over its right of way can be acquired, in invitum, only by an express and explicit grant of the right of eminent domain for that purpose; (2) that section 24 of chapter 55 of the Revised Statutes under which the defendant justifies, does not contain any such express and explicit grant; and if it does, (3) that it makes no provision for compensation to the railroad for the land taken, and is therefore unconstitutional.

It is not denied that the legislature has power to enable a telephone corporation to construct its lines upon the right of way of a railroad corporation. *Eastern R. R. Co.* v. *Boston & Maine R. R.*, 111 Mass. 125; *Postal Tel. Co.* v. *Oregon, etc., R. R. Co.*, 23 Utah, 474, 90 Am. St. Rep. 705; Lewis on Eminent Domain, sect. 269. It should be observed that Mr. Lewis, when he says in the section just cited that "a telegraph may be established along a railroad right of way, it being no material interference with the use for railroad purposes," is speaking of the right of condemnation with compensation, and not of the right of using without condemnation or compensation. But it is claimed that the right in such cases is not to be presumed from a grant of a general power of eminent domain, and that it exists only when granted expressly or by necessary implication. Such is the general rule. *Housatonic, etc., R. R. Co.* v. *L. & H. R. R. Co.*, 118 Mass. 391; *Prov. & Worcester R. R. Co., Pet'r,* 17 R. I., 324; Lewis, Em. Dom. sect. 267; 15 Cyc. 623.

But we think that, so far as the question of authority is concerned, when a telephone company is authorized by statute to construct and maintain its lines "upon or along a railroad" it is necessarily implied that it may "take" the right of way so far as is reasonably necessary for that purpose. The use of words like "take" or "take and hold" is not essential. If it so constructs its lines it necessarily so far takes the right of way, and authority to "construct" is necessarily an authority to "take." *St. L. & C. R. R. Co.* v. *Postal Telegraph Co.*, 173 Ill. 508; *Postal Telegraph Cable Co.* v. *Farmville & Powhattan R. R.*, 96 Va. 661; *So. Carolina, etc., R. R. Co.* v. *American Tel. Co.*, 65 S. C. 459; 15 Cyc. 625. This differs from the use of the general words "to take and hold" land, from which no necessary implication arises that the power may be exercised upon land already devoted by the State to public uses, in that the statute explicitly authorizes the using, and therefore, the taking, of a railroad right of way.

But while the power of the legislature is plenary in this respect, it cannot constitutionally exercise this power unless it makes provision for that just compensation which the constitution secures

when private property is taken for public uses. Const. Art. 1, sect. 21. The location of a telephone line upon a railroad right of way is a taking of it, and imposes a burden upon it for which the owner is entitled to compensation. *At. & P. Tel. Co. v. Ch. R. I. & P. R. R. Co.*, 6 Biss. 158; *Am. Tel. Co. v. Smith*, 71 Md. 535; *Southwestern R. R. Co. v. Southern & A. Tel. Co.*, 46 Ga. 43; *Mercantile Trust Co. v. At. & P. R. R. Co.*, 63 Fed. 513; *Postal Tel. Co. v. Oregon, etc., R. R. Co.*, 23 Utah, 474; 90 Am. St. Rep. 705; Lewis, Em. Dom. sect. 141 a; 2 Wood on Railroads, 864. Though the railroad property is devoted to public uses, the owner of the right of way has a private right of property which is protected. *At. & P. Tel. Co. v. Ch. R. I. & P. R. R. Co.*, 6 Biss. 158; *Southwestern R. R. Co. v. Southern & A. Tel. Co.*, 46 Ga. 43. And this is true whether it owns the land in fee, or merely the easement of a right of way. Lewis, Em. Dom. sect. 141 a; 2 Wood on Railroads, 864; *At. & P. Tel. Co. v. Ch. R. I. & P. R. R. Co.*, 6 Biss. 158. The principle is the same as when a highway is authorized to be laid out across a railroad; *Old Colony & Fall River R. R. Co. v. County of Plymouth*, 14 Gray, 155; or when one railroad is authorized to cross another, *Mass. Cent. R. R. Co. v. B. C. & F. R. R. Co.*, 121 Mass. 124; *Lake Shore, etc., R. R. Co. v. Cincinnati, etc., R. R. Co.*, 30 Ohio St. 604; *Ch. & A. R. R. Co. v. Joliet, etc., R. R. Co.*, 105 Ill. 388, 44 Am. Rep. 799. It is not an objection to the application of the principle that the damages are merely nominal. The railroad company has a right to be heard upon that question.

It follows that the statutory authority to construct its line on the plaintiff's right of way, under which the defendant claims to have acted, was nugatory, unless the statute itself, or some other statute so connected with it as to be regarded as in pari materia with it made provision for compensation to the defendant. Lewis, Em. Dom. sect. 452; *Cushman v. Smith*, 34 Maine, 247; *Thatcher v. Dartmouth Bridge*, 18 Pick. 501.

It is very clear that section 24 of chapter 55 of the Revised Statutes upon which the defendant basis its authority makes no

provision for compensation. Under that section the railroad commissioners had power only to determine as to constructing the line, and the manner thereof. There is no word which relates to compensation.

The defendant, however, contends that this omission is supplied by section 11 of the same chapter, which provides that a telephone company "may purchase, or take and hold as for public purposes, land necessary for the construction and operation of its lines. Land may be so taken and damages therefor may be estimated, secured, determined and paid for as in case of railroads." The answer to this proposition is that it is manifest that the defendant had not proceeded, nor has it attempted to proceed, under section 11. It has not taken the land by any legal proceeding contemplated by that section, for it has not pursued any of the steps required in the case of railroads. R. S., c. 51, sect. 31. The general power to take lands granted by section 24 would not, as we have already seen, be sufficient to authorize the defendant to construct its lines upon the plaintiff's right of way. But if it is considered, which we do not decide, that section 24 is to be interpreted in connection with section 11, and that so interpreted, section 24 supplies the authority to construct upon the railroad's right of way, which is wanting in section 11, and that section 11 supplies the compensation features which are wanting in section 24, it still remains true that the telephone company must by proper condemnation proceedings under section 11 "take" the right of way, and pay the compensation to be ascertained as in the case of railroads. This it has not done and could not do under section 24, under which alone it has acted.

The result is that the defendant is unlawfully maintaining its telephone line upon the plaintiff's right of way. And in such case, injunction is an appropriate remedy. Lewis on Eminent Domain, sect. 452, and cases cited. See also *Peirce* v. *Bangor*, 105 Maine, 413.

Lastly, it is contended that the plaintiff is barred by laches. If this point were otherwise tenable against the plaintiff's clear legal right, it is sufficient to say that the record in this case discloses no facts which warrant its application. The case does not show when

the telephone line was constructed.  But it shows that at the hearing before the railroad commissioners in 1904 the plaintiff protested against the defendant's procedure under section 24.  It objected to the construction of the line later.  It does not appear to have slept upon its rights.  Its claim is neither stale nor inequitable.

*Bill sustained with costs.*

*Writ of permanent injunction to issue as prayed for.*