JOAB J. GILLION, plaintiff in error, v. D. W. MASSEY, defendant in error.

(Atlanta, June Term, 1870.)

RES ADJUDICATA—FORMER DISMISSAL BECAUSE OF DEFECTS IN BILL OF EXCEPTIONS.*—While the record was being read, the Court discovered that this was the same cause which had been dismissed because of defects in the bill of Exceptions, at December Term, 1869, (See 40th Ga. R., 547,) and dismissed it, because the judgment below having been affirmed by dismissal here, the matter was res adjudicata.

---

222 *WILLIAM H. MATTHEWS, plaintiff in error, v. JAMES BROWNING, defendant in error. •

(Atlanta, June Term, 1870.)

JURISDICTION OF ORDINARY—CONSTITUTION OF 1868.†—The Constitution of 1868 transferred to the Ordinaries, not only the duties of the Inferior Court as a body, but also the duties of each member of the Court.

Constitutional Law. Jurisdiction of Ordinary. Before Judge Harrell. Webster Superior Court. March Term, 1870.

The Ordinary of said county issued a fi. fa. against Browning, for $50 00 and costs, for peddling in said county without license. Matthew's, the sheriff, levied it upon Browning's property, and he filed an oath of illegality thereto, and being unable to give bond to replevy the property, deposited $100 00 with the sheriff, and thus replevied it. He then sued out a possessory warrant against the sheriff for the $100 00, claiming that the Ordinary had no jurisdiction to issue such fi. fas. Upon the trial, various points were made and decided which are not material here. The Court held that the Ordinary had no right to issue the fi. fa., and that, therefore, the proceedings under it were illegal, and ordered the sheriff to deliver the $100 00 to Browning. This is assigned as error.

Hawkins & Burke, Clark, Pickett, for plaintiff in error.
No appearance for defendant.

By the Court—McCAY, J., delivering the opinion.

Section 571 of the Code authorizes any justice of the In-

---

*See the principal case cited in Brower v. Cothran, 75 Ga. 12.
†JURISDICTION OF ORDINARY—CONSTITUTION OF 1868.—"Since the adoption of the constitution of 1868—except as altered by subsequent legislation—the duties of the inferior court, as well as of the justices thereof, have been cast upon the ordinary of the county. (Matthews v. Browning), 41 Ga. 222." Poole v. Sims, 67 Ga. 38.

ferior Court, or Clerk thereof, to issue such a fi. fa. as was issued by the Ordinary in this case. Article 9, section 7, of the Constitution, (1868,) authorizes the Ordinaries to perform the duties of the Inferior Courts, until otherwise provided by law. It will be remembered that at the time the Convention of 1868 was in session, the Inferior Court *had no duties except as managers of county affairs, county funds, etc.

This duty as to peddlers was a part of their duty; any one of the five justices might perform it. We think the Constitution of 1868, confers upon the Ordinary, in general terms, the duties of the Inferior Court, and this includes the duties which it required the whole Court to perform, as also the duties cast · upon a majority of the Court, or upon one of the Justices. He stands in the place, not only of the body, but of each member of the body.

The Ordinary had therefore jurisdiction to issue this fi. fa. The sheriff was not a trespasser, there was no duress, and the possessory warrant is not the proper remedy in this case.

Judgment reversed.