HOUSATONIC RAILROAD COMPANY *vs.* LEE AND HUDSON RAILROAD COMPANY.

Berkshire. September 14. — 28, 1875. AMES & DEVENS, JJ., absent.

An act of the Legislature, which authorizes the construction of a railroad between certain termini, without describing its course and direction, but leaving that to be determined by the corporation as provided by the general laws, does not *primâ facie* confer power to lay out the road over land already devoted to, and within the recorded location of, another railroad.

Under the Gen. Sts. *c.* 63, §§ 17, 18, authorizing railroad corporations to lay out their roads not exceeding five rods in width, and requiring the location of the road to be filed with the county commissioners, defining the courses, distances and boundaries in each county, a location which does not state the width of the land taken or the boundaries of the location, nor refer to a map of the land placed on file, is invalid.

BILL IN EQUITY by the lessees of the Stockbridge and Pittsfield Railroad Company, alleging encroachments upon the location of its road by the defendant corporation at various points in the towns of Lee, Stockbridge and West Stockbridge, and praying

for a, njunction. The case was reserved by *Colt,* J., for the considt ation of the full court upon the pleadings and the report of a master, and appears in the opinion.

*J. Dewey, Jr.,* for the plaintiff.

*A. J. Waterman,* (*H. J. Dunham* with him,) for the defendant.

ENDICOTT, J. The case finds as a fact that the defendant corporation, professing to act under its charter, has made substantial encroachments upon the actual and recorded location of the Stockbridge and Pittsfield Railroad Company, which endanger the safety of that road.

The defendant, by its charter, had authority to build and maintain a railroad from Lee to West Stockbridge, with all the powers and privileges and subject to the duties and liabilities set forth in the general laws of the Commonwealth relating to such corporations. St. 1871, c. 162. Under this charter the defendant must establish its location according to the provisions of the Gen. Sts. c. 63, §§ 17, 18. No express authority is given in the charter to locate its road within the location of the Stockbridge and Pittsfield Railroad Company, except so far as the third section permits it to enter upon, unite with, and use the road of the Stockbridge and Pittsfield Railroad Company at West Stockbridge. Nor has any authority been given by the plaintiff, as lessee of the Stockbridge and Pittsfield Railroad Company, to enter upon such loca tion, except as appears by several agreements made between the plaintiff and the defendant, permitting the defendant to do so at certain points on the line of the Stockbridge and Pittsfield Railroad Company. The encroachments complained of are at other points than those authorized by the charter and the agreements.

A charter to build and maintain a railroad between certain points, without describing its course and direction, but leaving that to be determined and established by the corporation, as provided by the general laws, does not *primâ facie* give any power to lay out the road over land already devoted to, and within the recorded location of, another railroad. It is not to be presumed that the Legislature intended to allow land thus devoted to one public use to be subjected to another, unless the authority is given in express words or by necessary implication. And such implication can only be found in the language of the act, or from the application of the act to the subject matter, so that the rail

road could not be laid, in whole or in part, by reasonable intend-
ment, on any other line. *Springfield* v. *Connecticut River Rail-
road*, 4 Cush. 63. In the defendant's act of incorporation there
are no such words, except those already referred to in the third
section, and it does not appear that there was any physical neces-
sity that the defendant's location should be made within the
location of the Stockbridge and Pittsfield Railroad Company, as
appears to have been done in many instances recited in the mas-
ter's report.

It is also objected that the location, under which the defendant
has attempted to construct its road, and in doing which it has
thus encroached upon the location of the Stockbridge and Pitts-
field Railroad Company, was not made according to law, and is
invalid; and we are of opinion that the objection is well taken.
The Gen. Sts. *c.* 63, §§ 17, 18, provide that the corporation may
lay out its road not exceeding five rods in width, and shall file
its location with the county commissioners, "defining the courses,
distances and boundaries" of the road. But it appears by the
master's report that the location as filed does not state the width
of the land taken or the boundaries of the location; and that the
map on file is not referred to in the location or made part thereof.

It is not possible, therefore, to determine the limits or boun-
daries of the location, and what land is subjected to the easement.

For these reasons, there must be a decree for the plaintiff, the
terms of which to be settled by a single judge.

*Decree for the plaintiff.*