## Hooks *vs.* Brady *et al.*

(Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.)

If there were equity in the facts set up in the bill, those facts being denied by the answer, and there being affidavits in support of the bill and others of the answer, this court, in such a case, will not control the discretion of the chancellor in denying the injunction, unless clearly abused ; and in this case it was not abused.

Injunction. Before Judge Crisp. Sumter County. At Chambers. May 2d, 1879.

Hooks filed his bill against Brady *et al.*, making, in brief, the following case : Complainant sued out an attachment against Curtis Folks, which was levied on certain personalty, and Oscar Folks interposed a claim. By a misapprehension on the part of counsel, resulting from a confusion of cases, no declaration in attachment was filed at the first term, and at a subsequent term the attachment was dismissed on that ground. Brady holds a mortgage on the property, and is proceeding to foreclose the same. This is collusive and for the purpose of defeating the complainant, Oscar Folks not claiming as against the mortgage. All the parties are insolvent. The prayer was for injunction against the mortgage, to subject the property, etc.

The answer denied the leading allegations of the bill. There were affidavits in support of both bill and answer.

The court refused the injunction, and complainant excepted.

Guerry & Son, for plaintiff in error.

J. A. Ansley ; J. W. Brady ; J. L. Black, for defendants.

Jackson, Justice.

The party complaining should have pleaded properly and in time in the claim case. But even if equity would

have relieved against his failure to file the declaration in attachment, it was in the discretion of the chancellor to grant or to refuse the injunction, because the answer swore off all the facts in the bill as to title in defendant in attachment, and it was supported by sundry affidavits. So that the bill and depositions supporting it were one way, and the answer and depositions supporting it were the other, thus producing conflict of evidence, in which case the discretion of the chancellor will not be controlled in refusing the injunction unless it has been abused. In this case it was not abused.

Judgment affirmed.