POOLE *et al. vs.* SIMS.

1. When an injunction is granted or refused upon the facts made by the bill, answer and affidavits, this court will not interfere with the discretion of the court below unless it has been abused. But if there be errors of law committed by the chancellor, the judgment will be reversed, though he may be right on the facts.
2. In this case the facts are conflicting, and we see no reason to disturb the judgment of the chancellor thereon.
3. The ordinary has power to establish a new militia district either in term time or in vacation.
(*a.*) No special notice to a justice residing in the old district, and whose fees will be diminished by creating the new one, is necessary.

Militia Districts. Jurisdiction. Ordinary Notice. Before Judge HILLYER. Fulton County. At Chambers. August 31st, 1881.

Reported in the decision.

E. F. HOGE; T. P. WESTMORELAND, for plaintiffs in error.

S. B. SPENCER, for defendant.

CRAWFORD, Justice.

This is a bill brought by T. A. Poole and J. L. Conley to enjoin J. F. Sims from acting as a notary public and *ex officio* justice of the peace for the 1332d district G. M. and to declare that said militia district has no existence in law.
  The chancellor below refused the injunction, and that judgment is the error alleged in this bill of exceptions.
  1, 2. Whenever an injunction is granted, or refused upon

the facts made by the bill, answer and affidavits, the rule of this court is that no interference therewith will be allowed, unless the chancellor's discretion has been abused. But if there are errors of law committed on the application, then the judgment will be reversed, though he may be right on the facts.

In this case the facts set forth, upon which the prayer for injunction was based, are conflicting, and we see no reason to disturb the judgment of the chancellor thereon. The questions of law involved are controlled almost entirely by the facts, and can be determined only by the verdict of a jury.

3. The only fact not so involved arises upon the power of the ordinary to establish a new militia district at any other time than at a regular term of the court. Upon this point it is insisted by plaintiffs in error that the acts of 1839 and 1840, Cobb's Digest, page 187, are of force, and that no order establishing a militia district can be passed except at a regular term of the court. Under the act of 1839 it was enacted that the justices of the inferior court, or a majority of them, might appoint commissioners to lay out and define the lines of a new district, or change the old ones, and report the same to the succeeding term of the inferior court, when sitting for county purposes. If approved by the inferior court, their report was entered on the minutes, and the district established or the lines changed.

By the act of 1840 it was enacted that all applications for such changes of lines, and the establishment of new districts should be made only at a regular term of the court.

The occasion, doubtless, of this new act of the next year, grew out of the fact that the application for the appointment of commissioners was made and acted upon by the justices and not by the court. Hence its passage.

By the Code of 1863, §§518–20, the ordinary is authorized at any time to appoint the commissioners, and if he

approve their report, he shall have all the proceedings in the matter entered on his minutes, after which the change of lines or district laid out shall be known and regarded accordingly.   Code of 1873, §§484–86.

Thus it will be seen that the codifiers brought forward the law governing the subject-matter of organizing new districts, and changing the lines of old ones, but dropped out of it the requirement of the old law that this business should be transacted only at a regular term of the court.

Since the adoption of the constitution of 1868—except as altered by subsequent legislation—the duties of the inferior court, as well as of the justices thereof, have been cast upon the ordinary of the county.   41 *Ga.*, 222.

The view which we take of this case is not inconsistent with the requirement that all such proceedings before the ordinary are to be commenced by petition in writing, and that the same are to be entered on his minutes.   But we do not think that in the matter of notice where individuals are to be cited, that justices of the peace who may be in commission over the territory, and whose costs may be diminished by the change of lines or the establishment of new districts, are entitled to any specific notice before action taken.

Judgment affirmed.