Anderson, attorney general, *et al. vs.* The Mayor and Council of Savannah *et al.*

---

ANDERSON, attorney general, *et al. vs.* The MAYOR AND COUNCIL OF SAVANNAH *et al.*

1. This court will not interfere with the discretion of the chancellor in passing upon questions of fact involved in applications for injunc- tions, unless such discretion has been abused.
2. While it is unlawful to sell or offer for sale illuminating oils, includ- ing naphtha, below the standard fixed by law, it is not unlawful to generate gas from naphtha by Doty's or other stationary gas ma- chine.
(*a.*) If one of the defendants should violate the law by storing naphtha in a city, and in dangerous proximity to the property of others, the penalties attached thereto are ample for safety and protection, with- out the aid of equity, which takes no part in the enforcement of the penal statutes of the state.

November 21, 1882.

Injunction. Equity. Municipal Corporations. Naph- tha. Illuminating Oils. Before Judge TOMPKINS. Chat- ham Superior Court. March Term, 1882.

Reported in the decision.

C. ANDERSON, attorney general; W. S. BASINGER; GARRARD & MELDRIM; W. G. CHARLTON, for plaintiffs in error.

B. A. DENMARK; J. R. SAUSSY; H. C. CUNNINGHAM; S. B. ADAMS, for defendants.

CRAWFORD, Justice.

This cause is brought to this court upon the refusal of the chancellor below to grant an injunction.

The grounds upon which the relators and orators claim the right to an injunction are, that the mayor and aldermen of the city of Savannah are about to enter into a contract with one N. F. Thompson to light the streets of said city, and that the burning fluid which is to be used is naphtha, the fire test of which is less than 120 degrees Fahrenheit, and that the same, upon inspection, has been condemned; that it is being stored near the Exchange, and endangers the records of the city and the titles to property; that the mayor and aldermen are about to perfect this contract, and that thereby they will become bound to pay the said Thompson out of the corporate funds of the city; that the selling or offering for sale, the keeping for sale, or in storage, any burning fluid, fire test below 120 degrees Fahrenheit, not approved by inspector, is expressly forbidden by statute; that the keeping and use is not only contrary to the policy of the state, but its high degree of inflammability involves constant risk of conflagration, and great danger to the lives and property of all the inhabitants of the city, of which relators and orators are in constant apprehension, and that some of the insurance companies in which the relators and orators have their property insured are contemplating an increase of rates, or a discontinuance of insuring in said city in consequence of the use of the said burning fluid.

The mayor and aldermen, by their answer, admit that they have entered into a contract with their co-defendant, Thompson, by which he is to light the streets by means of a patent self-generating gas lamp, but do not know whether the materials to be used are such as are forbidden by law; that proposals for lighting the streets for 1882 were invited, and because the bid of their co-defendant, Thompson, would be a large saving to the city, the same was accepted. Further answering, they say, that under the charter of the city, they are charged with the duty of lighting the streets, and that the contract into which they have entered is not illegal in any respect, and as it makes it obligatory on Thompson to light said city for a sum of about three thousand nine hundred dollars per annum less than the same was proposed to be done by the only other bidder, it should not be interfered with.

Defendant, Thompson, by his answer, admits that he has a contract to light the streets of Savannah for the year 1882, but denies that he is now or ever was engaged in selling or furnishing to the mayor and aldermen naphtha or other burning fluid below 120 degrees Fahrenheit fire test; that he does not now store any naphtha in any room near the Exchange, nor did he ever at any time store large quantities there; denies that he is now or ever was engaged in selling, or offering for sale, any burning fluid in this state below fire test, or that he is using or otherwise disposing of any fluid in any manner forbidden by law, or contrary to the policy of the state; denies all danger from his system of lighting to any one, or that the insurance companies will increase their rates. Further answering, says that he manufactures gas, shows the process of its manufacture, and says that the machine cannot explode or cause damage, and that the present suit is instigated by his competitor, the Savannah Gas Light Company.

Upon the bill and answers and the proofs submitted, the chancellor denied and refused the injunction prayed for, and complainants excepted.

1. It has been so often ruled by this court that it would not interfere with the discretion of the chancellor below in passing upon questions of fact involved in applications for injunctions, unless abused, that it is needless to do more than to repeat that ruling in this judgment.   In this case, the facts seem to be so overwhelmingly with the defendants, that if a review of the judgment of the chancellor on the facts were necessary, we would be constrained to hold that he committed no error in ruling them as he did.

2. The only matter further to be considered is, whether there was an error of law committed, in refusing the grant of this injunction as prayed for.   As appears from the record, the mayor and aldermen had made a most advantageous bargain with their co-defendant, Thompson, to light the city, and it was sought to prevent the execution of this contract, upon the grounds named in the bill of relators, the only one of which we consider it necessary to notice is, whether there was any violation of law in the manner in which that contract was to be executed.   The main point pressed on the argument was, that in the carrying out of this contract there would be a violation of the laws of the state, in the illegal use of naphtha as a burning fluid, and that contracts which are contrary to law and to the general policy of the state, should not be allowed, especially when such contracts endanger life and property.   An examination of the various acts of the legislature on this subject will show that the defendants do not propose to violate them.

The act of 1870 prescribes a penalty for the unlawful sale, offering for sale or giving away of kerosene oil, names its legal standard, and prescribes a test by which to measure its safety.   That of 1872 declares that no person shall mix naphtha and illuminating oils for sale, or sell or offer for sale oils made from coal or petroleum which are below the standard; nor shall any person sell, or offer for sale, or keep for sale, naphtha for illuminating purposes,

except where the same is used in making illuminating gas by Doty's; or other stationary gas machine.

The act of 1881 forbids the sale or offering for sale as an illuminator, for consumption within the limits of the state of such fluids as are below the standard of the fire test named in the act.

Thus, with the several acts before us, and the contract of the defendants, we are unable to see wherein there is to be any violation of the law. The act of 1872 excepts in terms from its provisions the sale of naphtha where it is to be used in making illuminating gas by Doty's, or any other stationary gas machine; and that of 1881 only prohibits the *sale* of it, when the purchaser is to consume it as an illuminator within the limits of this state.

The defendant, Thompson, neither sells nor offers for sale the burning fluid of which so much apprehension is expressed, and if he keeps it in store, which is denied, the penalties attached to such violations of the law are ample for safety and protection, without the aid of a court of equity, which takes no part in the enforcement of the penal statutes of the state. *Phillips vs. Mayor of Stone Mountain,* 61 *Ga.,* 387.

Perceiving no error of law by the chancellor in refusing to grant the injunction sought by the relators, his judgment must be affirmed.

Judgment affirmed.