HOLMES, trustee, *et al. vs.* HARRIS *et al.*

1. An execution issued under a decree in equity and specified the property to be sold. It was trust property, and after the levy thereon by the sheriff, a bill was filed on behalf of the beneficiaries, alleging that there was a reversion after the termination of the life estates, and praying an injunction to restrain the sale under the *fi. fa.* until this reversionary interest should be declared and protected. The injunction was refused; but, with the consent of the opposing side, the chancellor required the sale of the property to be reported to him by the sheriff for confirmation, before making a deed thereto. Notice of this requirement was given at the sale; and the purchaser bought with such notice:

*Held,* that the chancellor had power to require the sale to be reported to him for confirmation, and nothing vested in the purchaser until the sale was confirmed. Therefore, the purchaser cannot complain of a refusal by the chancellor to confirm the sale because of inadequacy of price. Nor have the beneficiaries of the trust any right to complain, because it was at their instance and for their protection that the order was so framed, when the *fi. fa.* was ordered to proceed.

2. The refusal of an injunction not being an error on the matters of law, and no abuse of discretion on the matters of fact appearing, this court will not reverse the decision of the chancellor.

March 27, 1883.

Judgments. Decrees. Sales. Sheriffs. Equity. Before Judge SIMMONS. Bibb County. At Chambers. February 27, 1883.

Reported in the decision.

LYON & GRESHAM, for plaintiffs in error.

R. K. HINES; A. PROUDFIT, for defendants.

CRAWFORD, Justice.

Holmes, trustee, *et al. vs.* Harris *et al.*

In an equity cause in which Joseph M. Boardman, next friend, etc., was the complainant, and Gibbons M. Taylor and Charles T. Holmes, as trustee, etc., were defendants, a final decree was entered up against the said Charles T., as trustee, for a certain sum therein named. This sum was to be collected by levy of execution to be issued on the said decree, and a sale of the property described in the deed executed by the said Holmes, as trustee, and Mrs. E. A. Watkins and Georgia A. Holmes, in favor of the said Taylor, and also described in the answer and cross-bill of the said Taylor.

In pursuance of the said decree an execution was issued and levied, and the property advertised for sale. Whilst the said levy and advertisement were pending, the beneficiaries, to whom the property so levied on and charged with said debt belonged, sought by bill to enjoin the sale, but which at the hearing was refused by the chancellor, and the sale ordered to proceed. At the same time, and in the same hearing it was " Ordered, that upon a sale of said property by the sheriff under said *fi. fa.*, that he report the same to the chancellor before making a deed thereto, for confirmation," and that the said order be entered on the minutes of Bibb superior court:

The sheriff, under the *fi. fa.* and order aforesaid, proceeded to sell the said property on the first Tuesday in January, 1883, when it was knocked off to one R. L. Henry, at the sum of $2,500, which said sale the chancellor refused to confirm, because of the inadequacy of price as compared with the actual value of the property.

Upon this refusal to confirm the sale, the property was re-advertised to be sold on the first Tuesday in February, 1883, when it was re-sold and bought by Mrs. A. W. Harris at $3,325, and the same reported to the chancellor for confirmation. Mrs. A. E. Watkins and Mrs. Georgia A. Holmes appeared before the chancellor by their counsel, and objected to the confirmation of this sale, upon the ground that the property was worth much more than it

brought. They furthermore stated that they had then present in court Mr. Edward Hueguenin, a responsible person, who would give $4,000 for the property, if his attorney, who was then temporarily absent, would say that the title was good. Application was also made to delay the confirmation of the sale until the return of the said attorney, which the chancellor refused. By consent, the chancellor heard the statement of the sheriff, which was that the sale was fairly made, well attended, and that Mr. Edward Hueguenin was present, but did not bid. The chancellor then confirmed the sale.

It is charged in complainants' bill that, at the first sale by the sheriff, an arrangement had been made by Holmes, the trustee, with R. L. Henry, to attend, buy in the property, pay the money, take a deed, and when the purchase money should be refunded• with reasonable interest, and one hundred and fifty dollars additional, he would re-convey the property to the trustee. And further, that after the confirmation of the sale to Harris, Hueguenin gave Harris $4,500 for the property, and took a quit-claim deed thereto, both parties having notice of the facts set out.

The bill now before us was filed to set aside the last sale, and to declare the first a legal and valid sale of said property, and that it passed the whole title to the purchaser for the purposes and uses aforesaid. It prays an injunction against Hueguenin and Harris's taking possession under the last sale, and the cancellation of their deeds. The chancellor refused the injunction, and the complainants brought the case to this court.

1. The question of law presented by this record is, whether the chancellor had the authority to pass the order requiring the sheriff to report the sale to him for confirmation. The sale was made under an execution issued upon a decree entered up by the chancellor, and specified the property to be sold. The property was trust property, and after the levy thereon by the sheriff, a bill was filed by the trustee *et al.*, setting up that there was a reversion thereof

after the termination of the life estates, and prayed an injunction against the sale under the *fi. fa.* until this reversionary interest should be declared and protected. This injunction was refused, but with the same parties and the same subject-matter before the chancellor, and for reasons then urged upon his consideration by the parties now complaining, and by the consent of the other side, as shown in this record, he required the sale of the premises to be reported to him for confirmation before making the deed. The notice of this requirement was given at the sale, and Henry, the purchaser, bought with such notice. Being a sale under a decree in chancery, although enforced by execution, there is no question of the power of the chanceller to order the sheriff, who is but a commissioner *quoad hoc* to execute his decrees, to report back the sale for confirmation. And a large discretion is vested in him in passing on these equity sales. In this, there was a special order that the sale was not to be final until after it was confirmed. Rorer on Judicial Sales, page 1, on authority cited, declares that, " It matters not that it is made through the instrumentality of a master, commissioner or other functionary, appointed by the court." And we think that if a sale is made under a decree which requires it to be approved by the court, it matters not that the functionary who makes is not appointed by the court, but by the law, as he is equally bound, and the confirmation quite as necessary as if his appointment had been made specifically by the chancellor for that purpose. But however this may be generally, he, in legal effect, was so appointed in this case, and the purchaser bought with full notice that his bid was subject to confirmation. He has no right, therefore, to complain, as nothing vested in him until the chancellor passed on the sale. Nor have the beneficiaries any right to complain, for it was at their instance and for their protection that the order was so framed when the *fi. fa.* was ordered to proceed.

2. Upon the question of fact submitted to the chancellor

and charged in complainants' bill, he does not, it seems, find them satisfactorily supported by the proofs offered. Nor did the first purchaser consent to bind himself legally to the performance of the bargain alleged to have been agreed upon at the sale, and as claimed by complainants that he would. So that the refusal of the injunction not being an error of the matters of law set up in the bill, and no abuse of discretion on the matter of fact appertaining thereto, it must be affirmed.

Judgment affirmed.