THE COUNTY OF DOUGHERTY *et al. vs.* BOYT *et al.*

[Hall, Justice, did not preside in this case.]

1. On October 14, 1879, a general law was passed, providing the manner in which counties and municipalities should hold elections to determine concerning the issue of bonds creating an indebtedness of such counties or municipalities, under the constitution of 1877, Art 7, sec. 7, par. 1 and 2; and a local act, passed thereafter, providing for the holding of an election in a particular county in a different manner, and with different notices and different voters in regard to registration, was contrary to the constitutional prohibition of local legislation in cases covered by an existing general law.

2. Although a local act may have been passed prior to the passage of the general law, yet if it had failed to accompiish its object, and had ceased to be of force, and after the enactment of the general law a second act was passed, seeking to revive and continue the first in force, the latter was unconstitutional.

February 9, 1884.

Municipal Corporations. Constitutional Law. Laws. Bonds. Elections. Debts. Before Judge BOWER. Dougherty County. At Chambers. January 1, 1884.

Reported in the decision.

D. H. POPE, for plaintiffs in error.

G. J. WRIGHT; J. W. WALTERS; L. ARNHEIM, for defendants.

JACKSON, Chief Justice.

The question made by this record is, whether the local act, under which an election was held to determine on the issue of bonds for the purchase of a bridge over the Flint river at Albany, is in conflict with the constitution of 1877?

The first paragraph of the fourth section of the first article of the constitution, Code, §5027, declares that, "Laws of a general nature shall have uniform operation through-

out the state, and no special law shall be enacted in any case for which provision has been made by an existing general law."

In 1879 a general law, in respect to the manner in which the counties and municipalities of this state. should hold elections to determine the issue of bonds creating an indebtedness in bonds of such county or municipality, as prescribed in paragraphs 1 and 2, of section 7, and article 7 of the constitution (Code, §§5191, 5192), was enacted, which general law is codified in sections 508 (i), (j), (k), (l) and (m) of the Code.

The act thus codified was passed on the 11th of October, 1879. A local act for Dougherty county to hold an election, in a different manner and with different notices and different voters in regard to registration, was passed at the same session on the 10th of September, 1879, but being unproductive of results in favor of the issue of the bonds, this local act was "continued of force" or re-enacted on the 13th of September, 1881, long after the passage of the general act on the subject of the issue of bonds and elections therefor, in a different manner, which had been enacted on the 14th of October, 1879.

So that it is plain that this re-enacting or continuing-in-force local act of 1881 was enacted while an existing general law on the subject of such elections in a different manner was in force, and was therefore unconstitutional and void. It was by virtue of this last local act that the election was held to issue some thirty thousand dollars worth of bonds, by which election alone their issue is authorized. To enjoin the issue of these bonds under this election, held under this unconstitutional local act, this bill of injunction was brought. The chancellor granted the injunction prayed for, and was obliged to do so under the constitution itself, which declares: "Legislative acts in violation of this constitution, or the constitution of the United States, are void, and the judiciary shall so declare

486 SUPREME COURT OF GEORGIA.

The County of Dougherty *et al.* vs. Boyt *et al.*

them." Par. 2, section 4, article 1, of the constitution. Code, §5028.

It is idle to reply that the last local act merely revived that passed before the existence of the general act. The first local act was dead—*functus officio* ;—the election under it had failed to accomplish the result desired. So that its revival was just the same in substance and effect as to pass a new local act exactly like it. Indeed it did re-enact it. It is entitled "An act to continue of force an act entitled ' an act to authorize the county of Dougherty, by its commissioners, to issue bonds of said county for thirty thousand dollars, and to provide for the assessment and collection of an annual tax to pay the principal and interest of the same, in compliance with article 7, section 7, of the constitution, for purchasing the bridge across Flint river at Albany, for the use and benefit of said county,' approved September 10, 1879, and to authorize the holding of an election in accordance 'with section 5 of said act." And it enacts that the act, repeating it by its title, "be, and the same is hereby continued of full force and effect, and that at any time, whenever the commissioners of said county of Dougherty may deem proper, they shall order an election, and cause said election to be holden in accordance with the provisions of section 5 of said act, approved September 10, 1879." Acts of 1880–1, pp. 532–3.

So that this local act superseded the general act existing at the date of its passage, and thus collided palpably with the first paragraph of the fourth section of the first article of the constitution, which explicitly declares that "no special law shall be enacted in any case for which provision has been made by an existing general law." An existing general law provided for the holding elections in counties to determine whether bonds should be issued; a local law, providing differently in material respects for the issue of bonds, was afterwards enacted. It matters not for what purpose the bonded debt was created. It was a bonded debt, and the election was to determine that issue. It must

be held under the general constitutional law, and not under the special unconstitutional enactment.

Judgment affirmed.