ELLIOTT *vs.* GAMMON *et al.*, COMMISSIONERS.

REFUSAL OF INJUNCTION, FROM FLOYD. County Matters. Roads and Bridges. Floyd County. Constitutional Law. Elections. (Before Judge Branham.)

Jackson, C. J.—1. The commissioners of roads and revenues of Floyd county having, under a special act of the General Assembly, purchased the bridges which adjoin and touch the city of Rome, and having control thereof as county officers by reason of such purchase of them and making them free instead of toll bridges as formerly, no reason appears why they may not rebuild them when washed away by a flood. No objection is made by the city, but only by a citizen and tax-payer of the county.

2. It is for the commissioners, and not for the complainant, to determine whether immediate taxation or a new debt in bonds, with gradual taxation to pay it, is more advisable. When they decide, and the requisite number of voters authorize the new debt, no further objection can be made.

3. The Constitution of 1877 declares that the debt of a county shall not exceed seven per cent. of the assessed value of its taxable property, and that it shall not incur any new debt without the assent of two thirds of the qualified voters thereof, at an election for that purpose, to be held as may be prescribed by law. The act of October 14, 1879, described the manner in which such a vote should be taken ; and if an election be so held, and two thirds of the voters should sanction the new debt within the Constitutional limit, it binds the county. Code, §§5191, 508 (i)-(m).

(a) It is nowhere alleged that the present debt of the county exceeds seven per cent. of the assessed value of all its taxable property.

(b) Such an election must be held under the general law, and a subsequent local law, providing for a different mode of holding the election, would not be valid. 71 Ga., 484.

Judgment affirmed.

Underwood, Rowell & Chaney, for plaintiff in error.

No appearance for defendants.