THE ATLANTA AND FLORIDA RAILROAD COMPANY *v.*
WRIGHT, comptroller-general.

1. That some of the railroads cannot constitutionally be taxed upon
   their property beyond a specified percentage upon their annual
   income, does not hinder the legislature from taxing all other rail-
   road companies *ad valorem* upon their property, the former being
   also taxed up to the limit established by their charters.
2. Under the constitution, which requires taxes to be levied and col-
   lected under general laws, the legislature has no power to impose
   a pecuniary penalty for non-payment upon one class of tax-payers
   exclusively, leaving all other classes exempt from any penalty
   whatever.
3. Nor can the legislature subject one class of tax-payers to execution
   for taxes on the 1st of October, when the great mass of the tax-
   payers are exempt until the 20th of December.
   July 13, 1891.

Taxation.  Railroads.  Constitutional law.  Before.
Judge MARSHALL J. CLARKE.  Fulton superior court.
March term, 1890.

Reported in the decision.

P. L. MYNATT & SON, for plaintiff in error.
CLIFFORD ANDERSON, *contra.*

SIMMONS, Justice.

The general tax act of 1888 declares that "all the
property of railroad companies doing business in this
State shall be taxed at the same rate as property of
natural persons is taxed, except . . that portion of the
property of each railroad company that is exempt by
its charter from taxation," etc.  In 1889 the legislature
passed an act which declares that "if any railroad com-
pany or companies doing business in this State shall
fail or neglect to pay to the State all the taxes which
such company or companies may be due and owing
to the State for taxes, by the first day of October in
each year, then such railroad company or companies
shall incur a penalty therefor of five hundred dollars,
and the comptroller-general shall immediately issue

execution against such company or companies for the same and collect the same." . (Acts, p. 130.)    The Atlanta and Florida Railroad Company neglected and failed to pay the taxes levied and assessed against it, by the first day of October, 1889; whereupon W. A. Wright, the comptroller-general, in compliance with the terms of the last recited act, issued his execution for the sum of $2,442.96, taxes due by said company, and also for the further sum of $500 as penalty for failure to pay the taxes.    This execution was levied upon certain property of the company, on December 13th, 1889.    On the 15th of January, 1890, R. F. Maddox, president of the company, filed an affidavit of illegality, upon the grounds: (1) That the Southwestern Railroad Company, the Central Railroad Company, the Augusta and Savannah Railroad Company, the Georgia Railroad and Banking Company and the Western and Atlantic Railroad Company are each taxed one half of one per cent. upon their net income, while the tax *fi. fa.* mentioned above is an *ad valorem* tax upon the property of the defendant railroad company, which is a greater tax than that levied upon the roads above mentioned, and which violates the provision of the constitution that all taxation shall be uniform upon the same class of subjects and *ad valorem* on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.    (2) Said *fi. fa.* is proceeding for the sum of $500 as penalty for the failure to pay the *ad valorem* tax assessed against said company by said comptroller-general on or before the first of October of the year 1889.    This tax is illegal because the constitution provides that all taxation shall be levied under a general law.    This is not a general law, but one applicable to railroads alone, and therefore it violates the meaning of the constitution.

The case coming on to be heard before the trial judge, the attorney-general moved to dismiss the affidavit of illegality upon the ground that the same presented no legal defence to the *fi. fa.* and the penalty.   The court granted the motion and dismissed the affidavit of illegality, and ordered the execution to proceed; and to this ruling the railroad company excepted.

1. We think the trial judge was right in holding that the first ground of illegality presented no legal defence to the *fi. fa.*   The constitution of 1877 (Code, §5181) declares that "all taxation shall be uniform upon the same class of subjects, and *ad valorem* on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."   The legislature, in granting charters to the five railroad companies mentioned in the first ground of the affidavit of illegality, long prior to the adoption of this constitution, limited the taxation on the property of these companies to a certain per cent. on their net income.   Their charters have been construed to be contracts which the State could not violate. The partial exemption of their property from taxation being legal. and binding upon the State, it was therefore not "subject to be taxed" beyond the rate fixed in their charters.   The legislature therefore did right in observing the contract limit in taxing the property of these companies, in the general tax act of 1888.   The fact that the property had been partially exempted from taxation, in the charter of the companies, and the fact that the legislature, in the general tax act, recognized the limitation, did not prevent the legislature from levying an *ad valorem* tax upon all other railroads in this State which had no such exemption.   The general tax act levies a tax on all the property in the State "subject to be taxed."   The fact that there was some property in the State which the legislature had only a

limited power or authority to tax, did not make the act void for the want of uniformity. It was uniform upon all property subject to be taxed *ad valorem.*

2, 3. We think the trial judge erred in holding that the second ground of the affidavit of illegality presented no defence to the execution. The same paragraph of the constitution above quoted declares that taxes shall be levied and collected under general laws. We think this means that the laws for the levying and collecting of taxes shall be substantially the same for all classes of property; that if a pecuniary penalty is put upon delinquent tax-payers, it shall affect all alike; that the legislature cannot impose one penalty upon a railroad company for its failure to pay taxes upon its property, and another penalty upon an individual for his failure to pay taxes upon his property. If any pecuniary penalty for failure to pay taxes upon property is exacted, there must be such a penalty upon all tax-payers who fail to pay. The general law requires that each and every tax-payer shall pay his taxes by the 20th of December in each year, and in case of default it is made the duty of the tax-collector to issue execution. (Acts 1885, p. 66.) The general law, therefore, being that taxes shall be paid by the 20th of December, and if not paid that an execution shall issue upon that day, the legislature had no power to prescribe for railroad companies exclusively a different day of payment, and a different day for the issuance of the execution, and a penalty not imposed upon other classes of tax-payers. We do not mean to suggest that the legislature may not prescribe penalties for failure to pay taxes promptly, or that they must be equal in amount upon all; for doubtless they may be graduated according to the amount due from each tax-payer. *Judgment reversed.*