HOKE *et al. v.* THE GEORGIA RAILROAD & BANKING Co

There was no abuse of discretion in granting an interlocutory injunction in this case.                    *Judgment affirmed.*
    April 28, 1892.

Injunction.   Railroads.   Eminent domain.   Constitutional law.   Statutes.   Before Judge MARSHALL J. CLARKE.   Fulton county.   At chambers, January 30, 1892.

On the petition of the Georgia Railroad & Banking Company against R. F. Hoke and others (who, it was alleged, claimed to be a corporation under the name of the Georgia, Carolina & Northern Railway Company), and against the ordinary of Fulton county and one Houston, the judge granted an injunction restraining the defendants, until further order, from proceeding to condemn for railroad purposes a strip of land twenty-

four feet wide, and about a mile long, on the plaintiff's right of way in the city of Atlanta, for the purpose of constructing the Georgia, Carolina & Northern railway to the premises purchased for its terminus in that city. The pleadings and evidence were voluminous and conflicting. The grounds on which the petition for injunction was predicated were, in brief, that the act of the legislature incorporating the Georgia, Carolina & Northern Railway Company (Acts 1886, p. 105), is unconstitutional, being a special law in a case for which provision had been made by an existing general law, to wit the law for the incorporation of railroads, in the code, §§1689 (a–u) ; that the land sought to be condemned is not subject to be taken for the purposes of another railroad company ; that it is already in use by the plaintiff for railroad purposes, or, if any part of it is unoccupied, the same will surely be needed at an early day by the plaintiff ; that there is no real necessity for this land to be taken in order for the Georgia, Carolina & Northern railway to reach its terminus, there being other routes which are practicable though more costly ; and that such taking would cause irreparable damage to the plaintiff, seriously impairing the enjoyment of its franchise, preventing it from carrying on its business as a common carrier safely, properly and conveniently, and destroying the usefulness of important parts of its terminal facilities, etc. The defendants, other than Houston and the ordinary, set up that the act of the legislature under which the Georgia, Carolina & Northern Railway Company was organized is constitutional ; that it is not practicable for its railroad to reach its terminal grounds in the city of Atlanta by any other route ; that it is not merely a matter of convenience, economy or profit to condemn the land in question, but an absolute necessity ; that this land is practically unoccupied and unused, save by a coal-chute which can be changed so

as to be equally serviceable; that the plaintiff has large terminal facilities in Atlanta, covering miles of track and acres of yard, compared to which the small strip sought to be condemned is insignificant; that the effort of defendants is, not to change property in use by one railroad company to a similar use by another, but to create a distinct, different and far higher use in the new company, seeking to acquire only the necessary ground to enable the Georgia, Carolina & Northern railway to reach its terminus, and to utilize space now unoccupied, and so to locate its tracks as to cause the plaintiff as little inconvenience as possible, etc.

Hoke Smith and Erwin & Cobb, for plaintiff in error, cited, on constitutionality of charter, 1 Bl. Com. 44, 472-3; 15 S. W. Rep. 364; 84 *Ga.* 725, 804–812; 87 *Ga.* 444, 487, 533; 74 *Ga.* 509, 658; 20 Atl. Rep. 194; 58 Md. 603; 71 *Ga.* 484; 76 *Ga.* 766, 826; 83 *Ga.* 61, 270, 465; 73 *Ga.* 40; 70 *Ga.* 585; 52 *Ga.* 410; 44 *Ga.* 77, 465; 38 *Ga.* 355; 16 *Ga.* 105; 14 *Ga.* 83; 13 *Ga.* 83; Code, §§5027, 5077. On eminent domain, Code, §§2222, 2223, 5095; 9 *Ga.* 517; 6 How. 507; 3 *Ga.* 338; 42 *Ga.* 501; Beach, Rwys. §§797, 798; 35 Mich. 265; 62 *Id.* 564; 83 N. C. 489; 16 Phil. Rep. 637; 36 Conn. 197; 42 Barb. 120; 11 Leigh, 76; 6 Minn. 97; 3 Porter (Ind.), 464; 64 Pa. St. 137; 33 *Id.* 175; 122 *Id.* 511; 63 N. Y. 331; 138 Mass. 277; 111 *Id.* 125; 23 Pick. 360; 44 Am. & Eng. R. R. Cas. 10; 39 *Id.* 6; 67 Cal. 429; 76 *Id.* 404; 4 Cush. 63; Cooley, Con. L. 336; 97 Ill. 506; 112 *Id.* 589; 71 *Id.* 333; 17 W. Va. 812; 1 Rice (S. C.), 383; 21 N. Y. 595; 53 *Id.* 60; 72 *Id.* 330; 2 Harr. (Del.) 514; 1 Redf. Rwys. 241, 267; Pierce, Rwys. 152; 28 N. E. Rep. 925; 11 N. H. 19; 6 How. 507.

J. B. Cumming, George Hillyer and Bryan Cumming *contra*, cited, on the constitutional question, Code, §§5027, 5025, 1678 *et seq.*, 774 *et seq.*; Cobb's Dig. 542; Acts

1865–6, p. 27–28; Acts 1876, pp. 33, 118; 87 *Ga.* 487, 532, 610; 76 *Ga.* 768, 826; 71 *Ga.* 484; 74 *Ga.* 509; 84 *Ga.* 804; 44 Am. &. Eng. R. R. Cas. 168; 11 O. St. 516; 60 N. Y. 463; 69 *Ga.* 159; Morawetz, P. C. §§15, 16, 768; 14 *Ga.* 80.    On·condemnation, 1 Wood, Rwy. L. 227; Rorer, Rwys. 502; 4 Cush 63; 4 Sharswood & Budd, L. C. 450; 39 Am. & Eng. R. R. Cas. 6, 10, 17, 117; 25 *Id.* 158; 10 *Id.* 444; 47 *Id.* 97; 28 *Id.* 266; 2 *Id.* 440; 10 *Id.* 31; 14 *Id.* 83, 407; 3 *Id.* 507; 118 Mass. 391, 561; 114 *Id.* 368; 153 *Id.* 561; 111 *Id.* 125; 124 *Id.* 368; 53 N. Y. 574; 68 *Id.* 167; 77 *Id.* 248; 24 N. J. Eq. 217; 8 So. Rep. 281; Am. Dig. 1891, p. 1451; 53 *Ga.* 120; 9 *Ga.* 517; Code, §§2222, 2223.    On injunction, 63 *Ga.* 226; 66 *Ga.* 45, 256; 67 *Ga.* 36; 69 *Ga.* 472; 70 *Ga.* 309, 542, 549; 72 *Ga.* 196; 73 *Ga.* 103; 77 *Ga.* 492.