Rockingham, }
April 5, 1910. }

## STATE *v.* LEARY.

Where a dealer in intoxicating liquor stores his stock in a no-license town in New Hampshire, takes orders and receives payment in Massachusetts, and ships the goods to the purchasers by prepaid express from this state, the contracts tendered by the orders are accepted and performed here, delivery to the carrier being delivery to the vendees, and the liquor is sold and kept for sale in violation of the law of this state.

In such case, the legal effect of acceptance and delivery within this state is not nullified by an agreement between the vendor and the carrier that the goods shall remain the property of the former until actually received by the vendees and may be recalled or stopped in transit at any time before delivery to them, especially when the evidence warrants a finding that such agreement was a mere device for evading the law.

The fact that a vendee of goods intends to transport them into another jurisdiction does not render the prohibition of their sale by the state a violation of federal law.

INFORMATION IN EQUITY, for an injunction against an alleged liquor nuisance. Transferred from the October term, 1909, of the superior court by *Chamberlin*, J., upon the following statement of facts.

The defendant is the active manager of the premises described in the information, which are located in Seabrook and known as the Seabrook Bottling Works. He keeps therein various kinds of intoxicating liquors which he sells in the manner hereinafter set forth and keeps for that purpose. He maintains an office in Newburyport, Mass., in which city the sale of liquors is a criminal offence. At this office he takes written orders for the shipment of intoxicating liquors and there receives and retains the cash in payment for each order. The orders are addressed to the Seabrook Bottling Works at Seabrook, ordering it to ship to the purchaser in Newburyport a particular amount and kind of liquor, specifying that payment of the transportation charges be made by the Bottling Works and that the liquors be shipped to the purchasers by the American Express Company, a common carrier. The defendant prepays the transportation charges and has an express agreement with the carrier that the goods so shipped shall remain his property until actually delivered in Newburyport and may be recalled or stopped in transit by him at any time before actual delivery. The defendant has paid in this district the United States special tax as a retail liquor dealer.

*Charles H. Batchelder*, solicitor (by brief and orally), for the state.

*Page, Bartlett & Mitchell*, for the defendant.

PARSONS, C. J.   The court has power to issue the injunction asked for, if on the date of the complaint the premises complained against were used, within the meaning of the statute, for the illegal sale or keeping for sale of intoxicating liquor.   P. S., c. 112, s. 15; *Ib.*, c. 205, ss. 4, 5; Laws 1899, c. 81, s. 1; *State* v. *Strickford*, 70 N. H. 297.   Whether the premises were so used is a question of fact to be determined by a jury, unless such trial is waived.   Laws 1899, c. 81, s. 1.   The question intended to be presented appears to be whether the facts stated, without reference to the inferences of fact which might be drawn from them as evidence, constitute such illegal use.   The defendant contends that from them a jury might find that the building was used for the keeping of liquors for sale in Massachusetts, or for transportation to Massachusetts for sale there.   Although this claim be conceded and it is also admitted that such keeping is not in violation of the law of this state, there is still nothing for the jury in the case before the court if from the facts stated it conclusively appears that the liquors are also kept for sale here.

The premises are located in Seabrook upon the Massachusetts border, and the method of business outlined in the case appears to have been devised to evade the laws of both states, in each of which, in the towns in which the several parts of the transactions take place, the sale and the keeping for sale of intoxicating liquor is forbidden by law.   But it may be that in the effort to evade the laws of both states the defendant has become subject to the penalties imposed by the laws of each.   The liquors are kept here; they are kept for sale.   Can it reasonably be found that in no part of the keeping is there an intent to sell here?   " Keeping spirituous liquor for sale is having possession and control of it with intent and readiness to make a sale or sales—a combination of the means and purpose of being a vendor.   It may be a long continued practice or occupation; it may be instantaneous.   It may be proved by evidence of a series of sales or other acts. Like the possession of counterfeit money with a fraudulent intent, . . . it is a physical and mental condition that may cease when it has existed in violation of law but for a moment.   The keeper of a single parcel of liquor, or of different parcels, may frequently discontinue and resume that state of things which constitutes the offence."   *State* v. *Havey*, 58 N. H. 377, 379.

The liquors are kept in Seabrook.   The defendant receives in

Newburyport, Massachusetts, orders for the shipment of liquors, express paid, to purchasers in that city, and receives payment in full. The orders are addressed to the defendant's establishment in Seabrook and are transmitted there by the defendant. From there the liquors are shipped to the purchasers by a common carrier. From this statement it must be inferred that at Seabrook the liquors ordered are selected from the common stock and appropriated as the subject of sale under the orders of shipment. The contract tendered by the purchaser's order is therefore accepted and performed in New Hampshire, in which district the defendant has paid the federal tax as a retail liquor dealer. Upon these facts, the only conclusion the jury could reach would be that the defendant sold and kept liquor for sale in this state, the delivery to the common carrier being a delivery to the purchaser. Upon this statement of facts it might well be held in Massachusetts that no sale had been made in violation of Massachusetts laws. But before the courts of this state, to establish that New Hampshire law has not been violated, the defendant relies upon an agreement between the common carrier and himself that the goods so shipped shall remain the property of the defendant until actually delivered in Newburyport, and may be recalled or stopped in transit by the defendant at any time before actual delivery. Thus contending that the sale was not completed until delivery in Massachusetts, the defendant upon this admission could doubtless be convicted of a violation of the law of Massachusetts. *Suit* v. *Woodhall*, 113 Mass. 391.

The agreement with the Express Company was, however, no part of the contract of sale, and as between the parties to a valid sale would be immaterial. The seller had already received payment, delivery to a common carrier under the law and the contract was a delivery to the purchaser, and the seller had no longer any interest in or responsibility for the subject of the sale. The only purpose or object of the alleged agreement with the Express Company must have been to make it the basis of a claim, in the event of litigation in New Hampshire, that the sale was not completed by delivery in this state. The contention in short is, that the defendant when in Massachusetts intended to sell the liquors in violation of the law of New Hampshire; but that when he came into New Hampshire to carry out the orders involving in terms the violation of New Hampshire law, he changed his intent to one of violating Massachusetts law. Admitting the legal possibility of such change of intent upon crossing the state boundary, the intent to sell in New Hampshire is conclusively shown by the admitted acceptance of the orders for such sale. "As there may be a sale without an offer to sell, . . . so there may be

a keeping for 'sale without a sale or an offer to sell." *State* v. *Havey*, 58 N. H. 377, 379. There is no suggestion that in accepting payment in Massachusetts the defendant has any intent to violate Massachusetts law by selling in Newburyport. If the agreement with the Express Company is evidence of an intent to sell in Massachusetts when the liquors are delivered to the common carrier, the most that can be inferred from the facts is one intent when the orders are received and a different one when they are executed. But as the only intent deducible from the acceptance of the orders for a sale to be completed in New Hampshire is one to sell in New Hampshire, and there is no evidence disclosing any other intent so far as the transaction between the defendant and the purchaser is concerned, and as at that time the liquors were kept in New Hampshire, they were then kept here in violation of law. It is not stated that in any instance the defendant exercised the agreed right of recall, or at the time of shipment of any parcel had any intention of so doing. In the absence of evidence of such an intent or of any reasonable ground for such purpose, it must be found that no such intent existed, and that the defendant's intent was that disclosed by his acts in accepting payment, appropriating the subject of the order, and making shipment in accordance with its terms.

As the evidence leads to only one conclusion, the jury should be instructed that the agreement was merely a "shift or device to evade the provisions of chapter 112 of the Public Statutes," and that the transactions constituted a sale in violation of the provisions of that chapter. Laws 1903, c. 122, s. 8 ; *State* v. *Harrington*, 69 N. H. 496. As the defendant kept the liquors for this purpose, it could not be found he kept them merely for sale elsewhere, or for transportation to and sale in another state. The fact that the purchaser of goods personally or by an agent intends to transport the goods purchased to another state does not render the prohibition of their sale by the state a violation of federal law. *Kidd* v. *Pearson*, 128 U. S. 1; *Coe* v. *Errol*, 116 U. S. 517. It is unnecessary to consider whether the statute forbids the keeping of liquor in this state for sale in another, or for transportation from and sale out of the state, or whether if such prohibitions were attempted the enactments would be within state power.

*Injunction ordered.*

All concurred.